Frank E. Elliott v. Commissioner.
Elliott v. Commissioner
Docket No. 29696.
United States Tax Court
1952 Tax Ct. Memo LEXIS 54; 11 T.C.M. (CCH) 1068; T.C.M. (RIA) 52314; October 28, 1952
Thomas J. Bailey, Esq., and Max D. Harris, C.P.A., for the petitioner. Charles M. Trammell, Jr., Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $6,909.16 in income and victory tax for 1943. The only issue is whether the Commissioner erred in holding that the petitioner received a dividend of $16,126.57 from A. W. Handy, Inc., in 1943. Findings of Fact The petitioner filed his return for 1943 with the collector of internal revenue for the District of Michigan. A corporation known *55 as A. W. Handy, Inc. was organized under the laws of Michigan on November 7, 1940. The petitioner was its only stockholder from its organization until after 1943. Two thousand shares of its stock were issued to him on January 22, 1941. A. W. Handy had been a Ford dealer in Lansing, Michigan, for a number of years prior to 1938. He then experienced financial difficulties and his assets were taken on foreclosure of a mortgage. The petitioner formed A. W. Handy, Inc. and paid $15,000 to it which it used to purchase the assets of the business formerly conducted by Handy. A Ford franchise was obtained and Handy became manager of the business of the new corporation. The petitioner had an agreement with Handy that each would receive a small salary, all earnings would be accumulated, and Handy could purchase the petitioner's stock at any time he desired upon payment to the petitioner of an amount equivalent to the sum of his investment in the corporation, plus one-half of the earnings up to the time that Handy purchased the stock. Handy purchased all of the petitioner's stock in 1944 and the certificates were endorsed by the petitioner to Handy and the latter's wife on October 2, 1944. The *56 petitioner reported on his return for 1944 that the stock had cost him $15,000, he had received $28,500 for it, and he had realized a long-term capital gain of $13,500, one-half of which was taxable as income. The petitioner received $15,000 from the corporation on July 21, 1943, which he placed immediately in his safe deposit box. The corporation issued a check for $3,000 on July 29, 1943, payable to the petitioner which was endorsed by him and was cashed on December 22, 1943. The cash from that check was held in escrow in a safe deposit box of the corporation. Those two amounts, totaling $18,000, were debited on the books of the corporation to "Escrow Fund, Company Funds Held for Retirement of Capital Stock." The petitioner gave the corporation a receipt for the $15,000 received by him on July 21, 1943, in which it was stated that the money was "For safety deposit box deposit. Funds held in escrow for retiring capital stock." The $18,000 continued to be held in escrow until the sale of the stock by the petitioner to Handy, at which time the $15,000 was released from escrow to the petitioner in connection with his transfer of the stock. He received an additional $13,500 at that *57 same time. The Commissioner, in determining the deficiency for 1943, added $16,126.57 to the income of the petitioner as reported on his return, with the explanation: "It is held $16,126.57 of the distribution received by you during the taxable year 1943 from A. W. Handy, Inc. constitutes a dividend within the meaning of Section 115 of the Internal Revenue Code and is, therefore, taxable to you in such year under the provisions of Section 22 (a) of the Internal Revenue Code." The petitioner did not receive any amount from A. W. Handy, Inc. during 1943 which constituted a dividend within the meaning of section 115. All facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: The Commissioner has taken the position that the $15,000 transferred by the corporation to the petitioner and placed by him in his safe deposit box in 1943, and the $3,000 for which the corporation issued a check to him but which actually was held in the safe deposit box of the corporation, were received by the petitioner for his own use and thereafter were entirely under his control with the result that they represented *58 dividend distributions to the extent of the earnings of the corporation up to that time. There was no declaration of any dividends during 1943, but the petitioner was the sole stockholder and if the $18,000, or any part of it, was his to do with as he pleased, he would be taxable on it to the extent of the earnings of the corporation. However, the petitioner has shown by a fair preponderance of the evidence that no part of the $18,000 was his to do with as he pleased, but, on the contrary, the $15,000 was placed in escrow in his hands because the corporation did not need the money, Handy was planning to purchase the stock, and the petitioner and Handy adopted this method to prepare for that later sale. Actually the petitioner never used any of the money during 1943 but held $15,000 of it in escrow in accordance with his receipt and in accordance with the corporate records. The other $3,000 was likewise held in escrow by the corporation. The question of the tax consequences of the transaction which took place in 1944 are not before the Court at this time. Decision will be entered for the petitioner.